# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

In Re: Motion to Quash Administrative Subpoena to Rhode Island Hospital

On Appeal from the
United States District Court for the District of Rhode Island
Case No. 1:26-mc-07-MSM-AEM, Hon. Mary S. McElroy

**Emergency Motion of Petitioner-Appellee
for Injunction Pending Appeal**

**EMERGENCY RELIEF REQUESTED
BY TODAY, MAY 19, 2026, AT 10:00 PM ET**

Amy R. Romero
Kevin Love Hubbard
Cooperating counsel,
Lawyers' Committee for Rhode Island
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
amy@dwbrlaw.com

Lynette Labinger
Cooperating Counsel,
ACLU Foundation of RI
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com

Paul R.Q. Wolfson
Pooja A. Boisture
Robin F. Thurston
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
pwolfson@democracyforward.org

**INTRODUCTION**

The Child Advocate for the State of Rhode Island (the Child Advocate) respectfully moves this Court, pursuant to Federal Rule of Appellate Procedure 8(a)(2), and the All Writs Act, 28 U.S.C. § 1651, for an injunction ordering Rhode Island Hospital (RIH) not to produce patient-identifying information or protected health information responsive to Administrative Subpoena 25-1431-032 (the Subpoena) to any person or entity pending resolution of this appeal. For the reasons described below, the Court's intervention is needed today, by 10 p.m. Eastern Time.

This motion is filed on an emergency basis. Yesterday, May 18, 2026, at approximately 4:10 p.m. Eastern, the district court in the Northern District of Texas (the Texas court) ordered RIH to produce all documents responsive to the Subpoena to the Texas court, to be held in camera, with the first production due tonight at 11:59 p.m. Central Time. *In the Matter of Administrative Subpoena No. 25-1431-032*, No. 4:26-mc-00006-O, ECF No. 26 (N.D. Tex. May 18, 2026). The Texas court simultaneously enjoined RIH from "seeking relief, encouraging others to seek relief, or cooperat[ing] with others in seeking relief from any other court related to these proceedings, and from aiding and abetting others or encouraging others from seeking relief from any other court but those identified above." *Id*. at 6. Absent immediate action by this Court, RIH will be required to respond to the

1

same Subpoena that the district court below quashed, determining that it had been issued for an improper purpose, and be compelled to produce the patient records in the Northern District of Texas before this Court can review the merits of that quashal. That production, if allowed, will gravely damage the privacy rights of vulnerable children in Rhode Island.

The Child Advocate therefore requests an emergency injunction pending appeal, or in the alternative, immediate administrative injunction pending panel consideration, prohibiting RIH from producing, lodging, transmitting, disclosing, or otherwise transferring patient-identifying information or protected health information responsive to the Subpoena. This motion does not ask this Court to review, vacate, or direct any action by the Texas court. It asks this Court to preserve the effectiveness of the District of Rhode Island's order, and to prevent irreparable injury to Rhode Island children, pending appeal.

## PROCEDURAL HISTORY

Beginning in July 2025, DOJ weaponized its investigatory powers against providers of gender-affirming care across the country. DOJ publicly announced that it had "sent more than 20 subpoenas to doctors and clinics involved in performing transgender medical procedures on children."[1] RIH was one of these

---

[1] Department of Justice Subpoenas Doctors and Clinics Involved in Performing Transgender Medical Procedures on Children, DOJ Office of Public Affairs,

providers and, like the rest, it received a Subpoena that requested a sweep of information about the children it treated. *In Re: Administrative Subpoena 25-1431-032 to Rhode Island Hospital*, No. 1:26-mc-00007-MSM-AEM, ECF Nos 1–2 (D.R.I. 2026). The information sought about the children included: (1) their names; (2) Social Security numbers; (3) addresses; (4) diagnoses; (5) clinical histories; and (6) familial information. *Id.* After several months of negotiations and active engagement with RIH on proper search terms and parameters for responsive documents, the DOJ abruptly and inexplicably ceased communicating with RIH in early February 2026. *Id.* at ECF No. 28–11. DOJ reinitiated contact with RIH nearly three months later, on April 28, 2026, and requested that the parties conference "this week" about RIH's next production. *Id.*

Just two days later, however, DOJ instead filed an unannounced Petition for Enforcement of the same administrative Subpoena in the Northern District of Texas, Fort Worth Division. *In the Matter of Administrative Subpoena No. 25-1431-032*, No. 4:26-mc-00006-O, ECF No. 1 (N.D. Tex. 2026). With its petition, the DOJ attached the Subpoena, preliminary email correspondence between it and RIH, and a declaration from the Acting Director of the Enforcement & Affirmative Litigation Branch of DOJ Civil, Lisa K. Hsiao. *Id.*, ECF Nos. 1-1-1-3. That declaration misrepresented that communications with RIH had ceased as of

https://www.justice.gov/opa/pr/department-justice-subpoenas-doctors-and-clinics-involved-performing-transgender-medical (last visited May 18, 2026).

3

February 4, 2026, omitting any mention of DOJ's own delay in responding to RIH and the parties' latest communications. The Texas court overseeing the Subpoena enforcement action granted the petition on the same day, without notice to or response from RIH. *Id.* ECF No. 2. The order commanded that RIH provide all records responsive to the Subpoena by May 14, 2026, and warned that failure to do so or show just cause for noncompliance could result in sanctions, including contempt. *Id.* On May 10, 2026, the Texas court denied RIH's motion to stay, *Id.* at ECF No. 12, and on May 12, 2026, the Fifth Circuit also denied RIH's motion to stay with a one-sentence order. *See United States v. Rhode Island Hospital*, No. 26-10431 (5th Cir. May 12, 2026).

On May 4, 2026, the Child Advocate for the State of Rhode Island filed an Emergency Motion to Quash the Subpoena in the District of Rhode Island to protect the rights of the children in its care. *In Re: Administrative Subpoena 25-1431-032 to Rhode Island Hospital*, No. 1:26-mc-00007-MSM-AEM, ECF No. 1 (D.R.I. 2026). On May 11, 2026, RIH filed its own Emergency Motion to Quash. *Id.* ECF No. 28. The District of Rhode Island held a hearing on May 12 and granted both motions to quash on May 13, 2026, ECF No. 38, and issued an amended order on May 14, 2026. *Id.* ECF No. 44.[2] The court held that "the

---

[2] The amended order is substantively unchanged. All references below are to ECF No. 44.  Only one judgment was entered, ECF No. 39.  DOJ filed two notices of appeal, on May 14, 2026 from the Judgment of May 13, 2026, which has been

4

subpoena itself lacks a congressionally authorized purpose, was issued for an improper purpose, and demands the production of records that cannot be obtained consistent with the constitutional privacy rights of Rhode Island children." *Id*. at 23–24. It further held that these were "all independent grounds for quashal of the subpoena." *Id*. at 24. Additionally, the court enjoined DOJ "from seeking, receiving, using, retaining, or disseminating any patient identifying information or protected health information produced by RIH." *Id*. at 24. The next day, DOJ filed a Notice of Appeal to the First Circuit. *Id*. ECF No. 43.

In response to the District of Rhode Island's order, the Texas court held a status conference on May 18. *In the Matter of Administrative Subpoena No. 25-1431-032*, No. 4:26-mc-00006-O, ECF No. 26 (N.D. Tex. 2026). The same day, notwithstanding the quashal order by the District of Rhode Island and its injunction prohibiting the production of patient-identifying information or protected health information, the Northern District of Texas entered an order that "RIH submit to this Court all materials that it would have turned over to the Government in compliance with the Court's Enforcement Order to be secured and held *in camera,* inaccessible to the Government for the pendency of the appeals . . . due by May 19, 2026 at 11:59 P.M CT." *Id*. at 5–6. As part of its order, the Texas court noted that "[t]he First Circuit has yet to weigh in." *Id*. at 3.

---

docketed as 26-1568. DOJ filed a second notice of appeal on May 14, 2026 from ECF No. 44. It has not been separately docketed as of this writing.

5

According to the Texas court, the district court's order below prohibited the DOJ from accessing the documents at issue, "but left the Enforcement Order [of the Texas court] otherwise in effect." *Id.* at 4. And, because the Texas court believed RIH acted to circumvent its order by filing a motion to quash in Rhode Island, it felt compelled to "ensure the preservation of the materials subject to the subpoena and the Court's assurance of RIH's compliance should the courts of appeals rule against RIH." *Id.* at 5. Moreover, the order enjoined "RIH from seeking relief, encouraging others to seek relief, or cooperate with others in seeking relief from any other court related to these proceedings, and from aiding and abetting others or encouraging others from seeking relief from any other court but those identified above." *Id.* at 6.

## LEGAL STANDARD

Federal Rule of Appellate Procedure 8(a)(1)(C) authorizes a request for "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending." To be entitled to an injunction pending appeal, a movant must make 1) a strong showing that they are likely to succeed on the merits; 2) that they will be irreparably injured absent emergency relief; 3) that the balance of the equities favors them; and 4) and that an injunction is in the public interest. *Together Emps. v. Mass Gen. Brigham Inc.*, 19 F.4th 1, 7 (1st Cir. 2021). "The first two factors are the most important." *Id*.

6

The All Writs Act authorizes courts of appeals to issue orders necessary or appropriate in aid of their jurisdiction. 28 U.S.C. § 1651(a). And Federal Rule of Civil Procedure 62 confirms that, while an appeal is pending from an order granting or modifying an injunction, courts may "suspend, modify, restore, or grant an injunction" on appropriate terms and that appellate courts retain power to preserve the status quo. Fed. R. Civ. P. 62(d), (g).

## EMERGENCY RULE 8(A)(2) COMPLIANCE

Rule 8(a)(2) ordinarily requires a movant to seek relief from the district court before applying to the court of appeals, unless doing so would be impracticable. *See* Fed. R. App. P. 8(a)(2)(A)(i). Here, because the Texas order requires RIH to produce documents responsive to the Subpoena by today, May 19, 2026, at 11:59 p.m. CT, and because that order purports to restrict RIH's ability to seek, or cooperate in another party's attainment of, relief in any court other than the Northern District of Texas, the Fifth Circuit Court of Appeals, or the Supreme Court, waiting for full district-court proceedings is impracticable. *Id.*

Rule 8(a)(2)(D) permits a motion to be considered by a single judge in an exceptional case where time requirements make panel consideration impracticable. To the extent the Court concludes panel consideration is impracticable given today's deadline, the Child Advocate respectfully requests consideration by a single judge.

<h1 style="text-align:center">ARGUMENT</h1>

**I. Immediate Injunctive Relief Directed to RIH Is Necessary To Prevent Irreparable Harm.**

In determining the relief it would grant to redress the government's improper Subpoena, the District of Rhode Island carefully framed its remedy. It quashed "the administrative subpoena—the instrument issued by DOJ—not the enforcement order entered by the Texas court." Order, ECF No. 44, at 23. It then enjoined DOJ from seeking, receiving, using, retaining, or disseminating patient-identifying information and protected health information responsive to the Subpoena. *Id*. at 24.

But the order issued by the Northern District of Texas yesterday has now created a new emergency: it requires RIH to transfer the very records protected by the District of Rhode Island's judgment to the Texas court by today at 11:59 p.m. CT.  Additional interim relief directed to RIH is therefore necessary to preserve the District of Rhode Island's judgment and the children's privacy interests pending appeal. Once the records leave RIH's possession, the harm to the children's constitutional privacy interests will have occurred, and the district court's order will have been thwarted before this Court can review the government's appeal. The Child Advocate therefore respectfully requests that this Court act on this motion today, or in the alternative, issue an administrative injunction maintaining the status quo pending consideration of the motion. "Courts issue interim orders, or stay the effect of permanent orders, in many situations in order to maintain the

status quo pending appeal." *In re Grand Jury Proc. U. S.*, 626 F.2d 1051, 1059 (1st Cir. 1980) (overruled on other grounds as noted in decision *In re Kave*, 760 F.2d 343, 356 (1st Cir. 1985)).

The Texas court's order also purports to enjoin RIH from "seeking relief, encouraging others to seek relief, or cooperat[ing] with others in seeking relief from any other court," and from "aiding and abetting others or encouraging others from seeking relief from any other court." That injunction is extraordinary. RIH is a party to the proceedings below. It briefed and argued its own motion to quash. The district court granted that motion, which is now on appeal to this Court. The Texas court's order attempts to strip RIH of its ability to participate in these proceedings, and, by extension, to sever this Court from the party whose rights are directly at stake. Federal courts do not ordinarily enjoin parties from litigating in other federal courts. *See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952) (recognizing that parallel proceedings in different federal courts are sometimes unavoidable and that "[w]ise judicial administration" counsels against one court preempting another's jurisdiction). Whatever authority the Texas court may have over RIH with respect to its own enforcement order, it cannot prohibit RIH from defending its interests in proceedings before another federal court, let alone before this Court. That the Texas court has attempted to do so only underscores the urgency of this Court's intervention to protect its own appellate jurisdiction and the rights of the parties before it.

The requested order would not punish RIH or require this Court to sit in review of the Texas court's order. It would temporarily preserve the status quo, and maintain the records in their current form and location, until this Court can decide whether the District of Rhode Island's order should remain in effect.

## II. The Child Advocate Has a Strong Likelihood of Success in this Appeal.

The district court's order quashing the Subpoena rests on three grounds, any one of which is independently sufficient for this Court to affirm the order.

*First*, the court held that the Subpoena lacks a congressionally authorized purpose because DOJ's misbranding theories under the Federal Food, Drug, and Cosmetic Act (FDCA) are foreclosed by binding First Circuit precedent. The court found that off-label prescribing by licensed practitioners is lawful under the FDCA, citing this Court's holding in *United States v. Facteau*, 89 F.4th 1, 15 (1st Cir. 2023), *cert. denied*, 145 S. Ct. 137 (2024), and this Court's decision in *In re Celexa & Lexapro Marketing & Sales Practices Litigation*, 915 F.3d 1, 5 (1st Cir. 2019) ("The FDCA . . . does not prohibit doctors from prescribing drugs for off-label uses."). ECF No. 44 at 14–15. And the district court noted that DOJ's litigation position "is also in direct conflict with its own prior legal interpretations of the same statutory scheme," including an OLC opinion concluding that the "FDA does not regulate the practice of medicine, which includes 'off-label' prescribing." *Id.* at 16–17 (quoting 43 Op. O.L.C. 81, 85 (2019)). Because the district court's FDCA

analysis rests squarely on this Court's own precedent, the government is unlikely to succeed on appeal.

*Second*, the court found the Subpoena "was issued for an improper purpose in bad faith." *Id.* at 18. The court found that the Administration "has publicly characterized gender-affirming care for minors as abuse, directed the DOJ to bring its practice to an end, and celebrated when hospitals curtailed such programs as a result of this subpoena campaign." *Id.* Addressing DOJ's argument that, even if it had an improper purpose, it was also conducting a legitimate FDCA investigation, the court held that any such investigation "would require a genuine legitimate investigative purpose, not merely a legal theory," and that DOJ's FDCA theory "is not legally cognizable as applied to a prescribing hospital." *Id.* at 19. The court joined seven other decisions from federal courts that have quashed identical subpoenas on this basis. *Id.* at 19 (collecting cases). No federal court considering identical subpoenas has ruled in the government's favor after adversarial proceedings. [3] Only the Texas court has granted the government's motion to

---

[3] Additionally, Chief Judge Boasberg of the District of Columbia recently issued a preliminary injunction against the FTC's civil investigative demand to the Endocrine Society, finding a likely First Amendment retaliation claim arising from the same "multiagency campaign" targeting proponents of gender-affirming care. Endocrine Soc'y v. FTC, No. 26-512, slip op. at 30–31 (D.D.C. May 7, 2026). Judge Boasberg noted that "[n]o reported federal decision has ruled in the government's favor" regarding subpoenas sent to providers of gender-related care. Id. at 25.

compel compliance with one of the subpoenas, but it did so without considering any opposition, and before RIH was even served with the motion. Perhaps knowing it had a friendly venue in Texas, the government ran to that court to obtain favorable relief, even though that venue has nothing to do with RIH or the government's investigation at the time it issued the Subpoena.

*Third*, the court held that compelled disclosure of the children's medical records would violate their Fourteenth Amendment right to informational privacy. *Id.* at 19–23. The court found that "DOJ's request for intimate medical details from one of this country's most vulnerable populations constitutes a drastic overreach of its investigative authority," and that DOJ "failed to assuage the Court of its serious concerns for how DOJ would adequately protect and otherwise safeguard this information." *Id.* at 21. This constitutional holding provides an independent basis for affirmance that does not depend on the FDCA analysis or the improper-purpose finding.

The district court also correctly rejected the government's collateral-attack theory. The court explained that the Subpoena is not a judicial subpoena issued by the Texas court; it is an administrative subpoena issued by DOJ under its own asserted statutory authority. ECF No. 44 at 12. Quashing that agency instrument does not require appellate review of the Texas court. *Id*. The court further recognized that the Child Advocate was not a party to the Texas proceeding, had no notice, did not control that proceeding, and represents interests that were not

represented there. *Id*. at 11–13. As the district court correctly determined, a judgment generally does not bind a nonparty absent a recognized exception. *Taylor v. Sturgell*, 553 U.S. 880, 892–95 (2008). Nor may a nonparty's failure to intervene in a proceeding of which she had no notice be converted into forfeiture of constitutional rights. *Martin v. Wilks*, 490 U.S. 755, 763–65 (1989).

## III. Absent an Injunction, Children in Rhode Island Will Suffer Irreparable Harm

Absent an injunction from this Court, the sensitive medical records the district court protected from disclosure in its order below will leave RIH's custody tonight. The records at issue include the most intimate details of vulnerable children's lives, including their identities, diagnoses, gender identity, mental-health history, family circumstances, foster-care information, parent or guardian information, clinical assessments, consent records, and treatment histories. ECF No. 44 at 3. Once those records are transferred out of RIH custody, under compulsion of a Subpoena already quashed by the district court, the privacy injury will have already occurred. It is no answer that the records will be lodged with the Texas court, subject to in camera review. *See Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004) (recognizing the psychological and institutional costs of compelled production of sensitive medical records even when redacted). If the records are produced, the practical relief the Child Advocate

seeks—preventing the disclosure of children's medical records to preserve their constitutional privacy rights—will be frustrated.

The court further found that DOJ's purpose in issuing the Subpoena was to identify the children receiving gender-affirming care and their caregivers; indeed, the DOJ "conceded during the Court's hearing that its investigative efforts would include attempting to locate and question both children and their caregivers in its search for criminal conduct." ECF No. 44 at 22 n.12. If RIH is required to produce the medical records at issue, it would inflict the same chilling harms, and harm to the children's privacy, that the district court identified. Moreover, requiring RIH to compile and surrender the identities and medical records of every child who received medical care for gender dysphoria signals to children and their parents and guardians that no court order can protect their privacy. That injury occurs from the moment that the records leave the custody of RIH.

The Supreme Court has recognized that such ongoing injuries from a subpoena itself constitute irreparable harm. *First Choice Women's Res. Centers, Inc. v. Davenport*, 608 U.S. ___, 2026 WL 1153029, at *9–10 (2026); *see also Endocrine Soc'y*, slip op. at 21–22 (finding chilling effects from investigative demand constituted irreparable harm). Absent an injunction, that chilling effect would occur before this Court has an opportunity to decide whether the Subpoena that commanded production of those records was lawful.

14

Importantly, and contrary to the Texas court's suggestion otherwise, the *in camera* designation for the medical records that RIH would be forced to produce absent this Court's intervention does not provide adequate safeguards. The compelled production of sensitive medical records in response to the Subpoena, which was quashed by the district court, will itself cause grave harm to vulnerable children and their families. Primarily, it is unclear how the Texas court's reading of its ability to hold the materials can be squared with the district court's quashal order below, which held that the administrative subpoena lacked a congressionally authorized purpose and was issued for an improper purpose. Additionally, the Texas court's decision to hold on to the documents in the event "the courts of appeals rule against RIH" does not seem to serve any practical purpose because the government cannot access the documents in the meantime in any event. If the courts of appeals rule in favor of the government, then RIH will produce the documents at that time.

## IV. The Balance of Hardships and Public Interest Favor an Injunction.

Because the "irreparability of harm is now excruciatingly obvious" and the Child Advocate has "shown a probability of prevailing" on appeal, the "remaining inquiry for others, such as the balance of burden, do not loom large." *Coal. for Basic Hum. Needs v. King*, 654 F.2d 838, 840–41 (1st Cir. 1981). Nevertheless, each of those factors also favors an injunction here.

An injunction preserving the status quo imposes no cognizable harm on the government or any other party. RIH can preserve the records in their current form and location. DOJ loses no evidence. The Texas court and the Fifth Circuit can continue to adjudicate matters before them. In any event, even if DOJ's investigation were legitimate, it is plainly not time-sensitive: the Subpoena was issued in July 2025, and the government waited more than nine months to seek enforcement. If this Court ultimately reverses the district court, the records will remain available and can be produced. To ensure that happens, the Court can include in its injunctive ruling an order that RIH preserve all potentially responsive records in their current form and prohibit RIH from destroying, altering, deleting, disseminating, or transferring them pending further order from the Court.

By contrast, absent an injunction, the district court's order will be thwarted and the release of children's most sensitive medical records will result in the very privacy injury the district court sought to prevent.

The public interest strongly favors preserving the efficacy of the district court's judgment and this Court's ability to conduct meaningful appellate review. The public interest also favors protection of constitutional rights and protection of children's confidential medical records. Finally, the public also has an interest in orderly judicial administration. The current posture presents competing orders and an imminent production deadline. An injunction pending appeal will reduce, not increase, disorder: it preserves the records, prevents irreversible harm, and allows

16

appellate review to proceed. The district court's findings about DOJ's conduct, and its misleading statements to both the Texas court and below, only reinforce the public interest in maintaining the status quo.

Finally, no bond should be required. The Child Advocate is a public official seeking to preserve privacy rights of children. The requested relief preserves records already in RIH's custody and imposes no monetary harm on the government. If the Court concludes a bond is necessary, it should impose only a nominal bond.

## CONCLUSION

For the foregoing reasons, the Child Advocate respectfully requests that this Court issue an injunction pending appeal ordering RIH not to produce patient-identifying information or protected health information responsive to Administrative Subpoena 25-1431-032, including any materials responsive to Requests 11 through 15 and any other materials that identify or reasonably permit identification of Rhode Island children, to any person or entity pending resolution of this appeal or until further order of this Court.

May 19, 2026

Paul R.Q. Wolfson
Pooja A. Boisture
Robin F. Thurston
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043

Respectfully submitted,

/s/ Kevin Love Hubbard
Kevin Love Hubbard
Amy R. Romero
Cooperating Counsel,
Lawyers' Committee for Rhode Island
DeLuca, Weizenbaum,
 Barry & Revens, Ltd.

(202) 448-9090
pwolfson@democracyforward.org

199 North Main Street
Providence, RI 02903
(401) 453-1500
kevin@dwbrlaw.com

Lynette Labinger
Cooperating Counsel,
ACLU Foundation of RI
128 Dorrance Street, Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com

*Counsel for the Child Advocate for the State of Rhode Island*

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 4,070 words. The motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6); it has been prepared using Microsoft Word in proportionally spaced 14-point Times New Roman typeface.

/s/ Kevin Love Hubbard
Kevin Love Hubbard

# CERTIFICATE OF SERVICE

I certify that on May 19, 2026, this motion was filed using the Court's CM/ECF system. All participants in the case are registered CM/ECF users and will be served electronically via that system.

I also certify that I provided copies of this motion to the government and Rhode Island Hospital via electronic mail to:


Jordan Campbell, jordan.c.campbell@usdoj.gov

Brantley Mayers, brantley.t.mayers@usdoj.gov

Ross S. Goldstein, ross.goldstein@usdoj.gov

Patrick Runkle, patrick.r.runkle@usdoj.gov

Lauren S. Zurier, Lauren.Zurier@usdoj.gov

Eric Olshan, eolshan@mcguirewoods.com

Kathryn G. Barber, KBarber@mcguirewoods.com

Stacey P. Nakasian, stacey.nakasian@stevenslee.com


*/s/ Kevin Love Hubbard*
Kevin Love Hubbard