# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

In Re: Motion to Quash Administrative Subpoena to Rhode Island Hospital

On Appeal from the
United States District Court for the District of Rhode Island
Case No. 1:26-mc-07-MSM-AEM, Hon. Mary S. McElroy

**Petitioner-Appellee's Reply in Support of Emergency Motion
for Injunction Pending Appeal**

**EMERGENCY RELIEF REQUESTED
BY TODAY, MAY 19, 2026, AT 10:00 PM**

Amy R. Romero
Kevin Love Hubbard
Cooperating counsel,
Lawyers' Committee for Rhode Island
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
amy@dwbrlaw.com

Lynette Labinger
Cooperating Counsel,
ACLU Foundation of RI
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com

Paul R.Q. Wolfson
Pooja A. Boisture
Robin F. Thurston
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
pwolfson@democracyforward.org

In opposition to the Child Advocate's emergency motion, the government creates a multi-part strawman intended to highlight the ostensible impropriety of the Child Advocate's request. In various parts, the government claims the Child Advocate seeks to: (1) improperly enjoin Rhode Island Hospital (RIH); (2) have this Court sit in review of decisions of the Texas court; and (3) obtain broader relief than the District Court ordered below. In fact, the Child Advocate's motion simply seeks to ensure that this Court can maintain its jurisdiction over the validity of the government's subpoena. Without the injunction pending appeal sought by the Child Advocate, this Court may not be able to protect highly sensitive and private patient records held by RIH. If, as the district court found, the subpoena is invalid, then the records sought by the subpoena should never be transferred outside RIH, whether held *in camera* or otherwise. And post transfer remedies may be insufficient to mitigate the harm caused by an unlawful transfer. The Court's intervention is thus needed to prevent irreparable harm at issue in this appeal from occurring before the Court can hear the appeal.

The government's principal objection is that the Child Advocate has no "cause of action" against RIH and therefore cannot obtain an injunction directed at a non-appellant. Opp. at 4–5. But that argument both confuses the genesis of this action and overlooks the authority of an appellate court to preserve its jurisdiction. As to the first, the Child Advocate does not need a cause of action against RIH

because this appeal arises from a miscellaneous action to quash a subpoena, which does not require a specific cause of action. *See, e.g.*, *Monsanto Co. v. Victory Wholesale Grocers*, No. 08-MC-134, 2008 WL 5100178, at *1 (E.D.N.Y. Nov. 26, 2008) ("[N]o substantive causes of action are involved in this miscellaneous proceeding. This miscellaneous action was opened solely to address the motion to quash the subpoena . . . ."); *see also In re Varholy,* No. CV323MC00004MEG, 2023 WL 4236044, at *2 (D. Conn. June 28, 2023) (contrasting miscellaneous actions from civil actions requiring naming of "defendants or causes of action").

Second, the All Writs Act authorizes this Court to issue "all writs necessary or appropriate in aid of [its] jurisdictio[n]." 28 U.S.C. § 1651(a). That authority is not limited to orders directed at named appellants. *See FTC v. Dean Foods Co*., 384 U.S. 597, 603–04 (1966) (explaining that the All Writs Act reaches any action necessary to prevent "the frustration of orders [the court] has previously issued in its exercise of jurisdiction otherwise obtained."). The All Writs Act is perfectly suitable for the relief that the Child Advocate seeks here, for without an injunction, the records currently at RIH will imminently be transferred outside that hospital to the Texas court—and even if this Court ultimately affirms the quashal of the subpoena, it may be effectively impossible for the children's sensitive records to be recalled in a manner that undoes the harm caused by the transfer in the first instance.

Third, the government argues that because the district court's order did not restrict RIH, this Court cannot do so now. Opp. at 5–6. But FRAP 8(a)(1)(C) authorizes the court to "grant" an injunction while an appeal is pending—not merely to enforce the existing one. The word "grant" contemplates new injunctive relief that was not part of the order being appealed. The district court's order protected children's medical records from disclosure through an unlawful subpoena. If those records leave RIH's custody before this Court can review the appeal, the protection is gravely weakened. The authority to prevent that outcome is what FRAP 8 and the All Writs Act exist to provide. In addition, the government takes an improperly narrow view of when irreparable harm inures, arguing that any harm is limited merely to the *viewing* of sensitive records. Opp. at 10–12. The Child Advocate explained, however, that the harm she seeks to prevent is the *disclosure* of identifiable information *outside the hospital*, a harm that will attach should RIH transfer the information to the Texas district court this evening. The Health Insurance Portability and Accountability Act (HIPAA) recognizes as much, prohibiting the disclosure of protected health information absent, among other things, a valid subpoena. 45 C.F.R. § 164.512(f)(1)(ii).

The validity of the subpoena is the central issue in this action; barring a stay of the District Court's order, there is no valid, operative subpoena compelling the production of children's most sensitive health information, and possession of that

information without a legal basis constitutes irreparable harm to the children whose interests the Child Advocate represents. *See, e.g.*, *Core Labs. LP v. Spectrum Tracer Servs., LLC*, 532 Fed. App'x 904, 911 (Fed. Cir. 2013) (finding irreparable harm where "possession of [company's] trade secret information is presumptively improper."). And a return to the status quo is not the in camera production of documents, but the enforcement of the quashal order prohibiting that sharing of the documents.

So too, the government's argument as to likelihood of success is a probabilistic long-shot, given that "[n]o reported federal decision has ruled in the government's favor" regarding subpoenas sent to providers of gender-related care. *Endocrine Soc'y v. FTC*, No. 26-512, slip op. at 30–31 (D.D.C. May 7, 2026). The government's opposition presumes success here when it has not had any to-date, other than the Texas court's order issued without any opposition, on the same issue. *See* ECF No. 44 at 19 (collecting cases).

Finally, the government implies that the District Court had no authority over the Subpoena, and that the Child Advocate's participation is improper. Both are wrong. Federal Rule of Civil Procedure 45(d)(3)(A) provides that a party may move to quash a subpoena in "the district where compliance is required." Section 3486, the statute that authorizes legitimate HIPAA administrative subpoenas, expressly incorporates the standards applicable to judicial subpoenas, including

FRCP 45. *See* 18 U.S.C. § 3486(a)(7). Here, that district was Rhode Island or the District of Columbia. It surely could not have been the Northern District of Texas given that, up to the point DOJ moved to enforce, RIH had no knowledge the subpoena had any relationship to Texas at all. And the First Circuit has explained that "the existence of a privileged relationship or of a legitimate property or privacy interest in the documents possessed by the third party" is sufficient to confer standing to move to quash third-party subpoena. *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 42 (1st Cir. 2003); *In re Grand Jury Proc.*, 814 F.2d 61, 66 (1st Cir. 1987). The District Court thus had jurisdiction over both the Subpoena and the Child Advocate's claims.

In sum, the Child Advocate's request is hardly the procedural irregularity the Government claims. Instead, it is a straightforward request to preserve this Court's jurisdiction in the face of exigency created by the Texas court. This Court should grant the requested injunction.

May 19, 2026

Respectfully submitted,

*/s/ Kevin Love Hubbard*

| | |
|---|---|
| Paul R.Q. Wolfson | Kevin Love Hubbard |
| Pooja A. Boisture | Amy R. Romero |
| Robin F. Thurston | Cooperating Counsel, |
| Democracy Forward Foundation | Lawyers' Committee for Rhode Island |
| P.O. Box 34553 | DeLuca, Weizenbaum, |
| Washington, DC 20043 | Barry & Revens, Ltd. |
| (202) 448-9090 | 199 North Main Street |
| pwolfson@democracyforward.org | Providence, RI 02903 |

(401) 453-1500
kevin@dwbrlaw.com

Lynette Labinger
Cooperating Counsel,
ACLU Foundation of RI
128 Dorrance Street, Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com

*Counsel for the Child Advocate for the State of Rhode Island*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing reply complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,158 words. The reply complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6); it has been prepared using Microsoft Word in proportionally spaced 14-point Times New Roman typeface.

*/s/ Kevin Love Hubbard*
Kevin Love Hubbard

**CERTIFICATE OF SERVICE**

I certify that on May 19, 2026, this reply was filed using the Court's CM/ECF system. All participants in the case are registered CM/ECF users and will be served electronically via that system.

*/s/ Kevin Love Hubbard*
Kevin Love Hubbard