No. 26-1568

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

IN RE: MOTION TO QUASH ADMINISTRATIVE SUBPOENA TO RHODE
ISLAND HOSPITAL

CHILD ADVOCATE FOR RHODE ISLAND, et al.,

Petitioners-Appellees,

v.

UNITED STATES OF AMERICA,

Respondent-Appellant.

On Appeal from the United States District Court
for the District of Rhode Island

**NOTICE OF RELATED FILING**

BRETT A. SHUMATE
*Assistant Attorney General*

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney
General*

JORDAN C. CAMPBELL
*Deputy Assistant Attorney General*

SARAH WELCH
JOHN BAILEY
BRANTLEY T. MAYERS
*Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202)890-9874*

Appellant notices to this Court a filing by Rhode Island Hospital (RIH) in the Northern District of Texas. In its filing, RIH represents that, "[t]o the extent that records RIH intends to produce contain any patient information, RIH will anonymize and de-identify this information." Ex. A at 2. Although transmission of documents to a federal court *in camera* does not constitute irreparable harm, RIH's stated plan to anonymize any documents filed in the Northern District of Texas today further undercuts the Child Advocate's claim of imminent irreparable harm. *See, e.g.*, *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 180 (3d Cir. 2005) ("The cases in which a disclosure-based privacy violation has been found involve situations where there was either actual identification or the disclosure of identifying information such as would allow the individual to be identified and ultimately connected to his or her private information."); *In re NHL Players' Concussion Injury Litig.*, 120 F. Supp. 3d 942, 955 (D. Minn. 2015) ("Once the identifying information is removed from the record, the patient's privacy interest is essentially eliminated.") (collecting cases); *cf. Dinerstein v. Google, LLC*, 73 F.4th 502, 513 (7th Cir. 2023) (stating that "the dissemination of anonymized [medical] information" likely did not "give rise to any injury at all—let alone one concrete enough to support Article III standing"). This Court should deny the Child Advocate's motion for an injunction pending appeal.

1

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney
General*

JORDAN C. CAMPBELL
*Deputy Assistant Attorney General*

SARAH WELCH
JOHN BAILEY

/s/ *Brantley T. Mayers*
BRANTLEY T. MAYERS
*Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 890-9874
Brantley.t.mayers@usdoj.gov*

MAY 2026

2

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system.  Service will be accomplished by the appellate CM/ECF system on all counsel of record.

*/s/ Brantley T. Mayers*
Brantley T. Mayers
