No. 26-1568

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

IN RE: MOTION TO QUASH ADMINISTRATIVE SUBPOENA TO RHODE
ISLAND HOSPITAL

CHILD ADVOCATE FOR RHODE ISLAND, et al.,

Petitioners-Appellees,

v.

UNITED STATES OF AMERICA,

Respondent-Appellant.

On Appeal from the United States District Court
for the District of Rhode Island

**MOTION TO EXPEDITE**

BRETT A. SHUMATE
  *Assistant Attorney General*

YAAKOV M. ROTH
  *Principal Deputy Assistant Attorney
  General*
JORDAN C. CAMPBELL
  *Deputy Assistant Attorney General*

BRAD HINSHELWOOD
BRANTLEY T. MAYERS
  *Attorneys
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 890-9874*

1. Days after the Chief Judge of the Northern District of Texas (the "Texas court") enforced a HIPAA subpoena issued to Rhode Island Hospital (RIH), the Child Advocate of Rhode Island moved to quash that same subpoena in the District of Rhode Island. The Child Advocate also asked for an order enjoining the Department of Justice (DOJ or Department) from enforcing the subpoena or using records obtained through it. Soon thereafter, RIH intervened and sought quashal too. In the order on appeal here, the district court quashed the subpoena and enjoined the Department from, among other things, seeking, receiving, and retaining at least some of the documents responsive to the subpoena. Because the district court could not set aside the enforcement order from the Northern District of Texas, RIH is submitting responsive documents to that court *in camera* pending completion of appellate proceedings. The current state of play—dueling district court orders regarding the enforceability of the same subpoena issued to the same hospital, and an injunction from the district court here barring the Department from reviewing responsive information another district court held it was entitled to receive—necessitates an expeditious resolution from this Court. Accordingly, the Department respectfully requests that the Court expedite this appeal.[1]

2. Over the past year, the Department has been investigating potential offenses under the Food, Drug, and Cosmetic Act (FDCA) in connection with the provision of

---

[1] Appellee Child Advocate for Rhode Island consents to the requested briefing schedule. Appellee Rhode Island Hospital opposes expedition.

1

puberty blockers and cross-sex hormones to minors.  Dkt. 1-3 (Hsiao Decl.) ¶¶ 3, 32-39, 45.  As part of its investigation, the Department served the HIPAA subpoena at issue on RIH on July 9, 2025, with a return date of August 7, 2025.  Dkt. 28-2 at 38, 67.  But RIH has since produced to the Department just one six-page document consisting of a list of names of hospital employees and certain drugs.  Hsiao Decl. ¶ 46.

The Department moved to enforce the subpoena in the Northern District of Texas, which is one district where this investigation is being carried on and therefore, the Department submits, a proper venue under the statute.  *See* Dkt. 28-2 at 2-14; 18 U.S.C. § 3486(c).  The Texas court enforced the subpoena and directed compliance within 14 days.  *In the Matter of Administrative Subpoena 25-1431-032*, 4:26-mc-6 (N.D. Tex. 2026 Apr. 30, 2026) (Dkt. 2 at 1).  RIH noticed an appeal from the Texas court's order and unsuccessfully moved for a stay pending appeal of the order in both the district court and the Fifth Circuit.  *In the Matter of Administrative Subpoena 25-1431-032*, 4:26-mc-6 (N.D. Tex. May 10, 2026) (Dkt. 12) (order denying stay pending appeal); *United States of America v. Rhode Island Hospital*, 26-10431 (5th Cir. May 12, 2026) (Dkt. 34) (same).

In parallel, on May 4, the Child Advocate moved to quash the same subpoena in the District of Rhode Island, citing the Texas court's order as the cause for the district court's immediate intervention.  Dkt. 1.  RIH thereafter successfully intervened in the Rhode Island action and filed its own motion to quash.  *See* Dkt. 28.

2

On May 13, 2026, the Rhode Island district court issued an order quashing the subpoena that the Northern District of Texas had already enforced in a separate, earlier-filed action. Dkt. 44 at 23-24. Although the Rhode Island district court stated that its order did not affect the Texas court's order enforcing the subpoena, it also enjoined the Department from receiving or retaining documents responsive to the subpoena. *Id.* This appeal arises from that order and injunction. *See* Dkts. 43, 46.[2]

After the Department noticed its appeal here, the Northern District of Texas held a status conference and thereafter issued an order requiring RIH to produce all documents responsive to the subpoena to the Texas court *in camera*, where they will remain "inaccessible to the Government for the pendency of the appeals." *In the Matter of Administrative Subpoena No. 25-1431-032*, No. 4:26-mc-6, (N.D. Tex. May 18, 2026) (Dkt. 26 at 5-6). RIH has not sought to appeal or stay that order. Nor has the Child Advocate sought to intervene in the Texas proceedings. Instead, the Child Advocate filed an emergency motion in this Court asking for an injunction barring RIH from disclosing the documents to the Texas court pending appeal, which a panel of this Court unanimously denied. Order, *In Re: Motion to Quash Admin. Subpoena to RI Hosp.*, 26-1568 (1st Cir. May 19, 2026).

---

[2] After RIH moved to clarify the scope of the injunction and the Department noticed its appeal, the district court entered an amended order. *See* Dkts. 41, 43, 44. The Department subsequently noticed its appeal from the amended order. *See* Dkt. 46. This Court then docketed an amended notice of appeal. *See* Supplemental Record Filed, *In Re: Motion to Quash Admin. Subpoena to RI Hosp.*, 26-1568 (1st Cir. May 18, 2026). The Department refers above the line to the amended order.

3

3. Given this background, the Department respectfully requests—pursuant to 28 U.S.C. § 1657(a), and Federal Rules of Appellate Procedure 27 and 31(a)(2)—that the Court expedite this appeal.  Expedition is warranted because the district court's intervention leaves the parties with dueling district court orders.  Despite the order of the Texas court enforcing the subpoena, the order on appeal here purports to quash the same subpoena and further enjoins the Department from receiving or reviewing documents the Texas court has held it is entitled to receive as part of its investigation. This conflict causes uncertainty for all involved.  *But cf. In re Smith*, 999 F.3d 452, 454 (6th Cir. 2021) ("Among the several requirements for the rule of law is that the law be reasonably certain.").

For these reasons, this Court's resolution of this appeal is urgently needed.[3] Therefore, with the agreement of the Child Advocate, the Department respectfully requests that the Court grant the motion to expedite this appeal and enter the following briefing schedule:

---

[3] Consolidated appeals concerning a materially identical subpoena issued to another hospital are currently pending before this Court.  *See In Re: Administrative Subpoena No. 25-1431-019*, Case Nos. 25-2092, 26-1093.  This appeal, unlike that one, concerns an injunction and conflicting district court orders.  These unique features make expedited resolution warranted here.

4

**Opening Brief**: June 17, 2026

**Answering Brief**: July 17, 2026

**Reply Brief**: July 31, 2026

In addition, the Department requests that the Court schedule this appeal for oral argument during the earliest possible sitting.

## CONCLUSION

The Court should expedite briefing and argument in this appeal.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*

JORDAN C. CAMPBELL
*Deputy Assistant Attorney General*

BRAD HINSHELWOOD

/s/ *Brantley T. Mayers*

BRANTLEY T. MAYERS
*Attorneys*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 890-9874*
*Brantley.t.mayers@usdoj.gov*

MAY 2026

5

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,084 words.  This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Brantley T. Mayers*
Brantley T. Mayers

# CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, I electronically filed the foregoing

motion with the Clerk of the Court for the United States Court of Appeals for the

First Circuit by using the appellate CM/ECF system.  Service will be accomplished by

the appellate CM/ECF system on all counsel of record.

*/s/ Brantley T. Mayers*
Brantley T. Mayers