Lawyers' Committee For Rhode Island

56 Pine Street, Suite 200
Providence, RI 02903
401-238-3952
Lawyerscommitteeri.org

August 18, 2026

Anastasia Dubrovsky, Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2500
Boston, Massachusetts 02210

**Re: In re Motion to Quash Administrative Subpoena to Rhode Island Hospital, No. 26-1568**

Dear Ms. Dubrovsky:

Appellee the Child Advocate responds to Appellant's letter concerning *QueerDoc, PLLC v. DOJ*, No. 25-7384 (9th Cir. Aug. 14, 2026).

First, this Court can affirm on grounds *QueerDoc* did not decide. *QueerDoc* remanded on overbreadth and undue-burden issues and left the issue of patient-privacy objections open. Slip op. 52–55. The district court here held that patient-level demands in the subpoena violated children's privacy rights, Add.47–52, and this Court should affirm on that independent basis.

Second, QueerDoc did not contest DOJ's statutory authority, Slip op. 8, 16, while Appellees here specifically contest DOJ's authority to issue the subpoena to investigate the allegedly false billing by RIH it identified in the Hsiao declaration.

Third, the conduct the *QueerDoc* panel identified to conclude the subpoena was relevant is materially different: QueerDoc promoted off-label use and stated it ordered prescriptions using a different diagnosis code. *Id*. at 28. DOJ identified no comparable conduct by RIH, and instead relied on speculation about RIH providers.

Fourth, QueerDoc rested its improper purpose claim on "the government's statements . . . alone," offering "no evidence of any other improper purpose." *Id*. at 35. Here, the district court made case-specific findings based on DOJ's *actions*: DOJ halted negotiations, requested a conference, then filed an unannounced Texas enforcement action two days later; submitted a declaration materially

mischaracterizing the parties' communications; and asserted that identifiable records were indispensable without disclosing it had accepted anonymized data elsewhere. Add. 31–38. Those findings independently rebutted the presumption of regularity and supported the factual finding of bad faith.

Finally, *QueerDoc*'s de novo treatment of improper purpose conflicts with this Circuit's law. *Id.* at 48. In this Court, institutional purpose is a predominantly factual determination reviewed for clear error. *U.S. v. Gertner*, 65 F.3d 963, 970 (1st Cir. 1995). Official statements, shifting rationales, and subpoena breadth are probative of institutional motive. Slip op. 65-67 (Paez, J., dissenting). And *U.S. v. Freedom Church*, 613 F.2d 316, 321 (1st Cir. 1979), requires heightened relevance where a subpoena targets records held by a third-party custodian—more than *QueerDoc*'s "plainly incompetent or irrelevant" standard. Slip op. 26.

Respectfully submitted,

*/s/ Kevin Love Hubbard*
Kevin Love Hubbard

Counsel for Appellee the Child Advocate for the State of Rhode Island

cc: All counsel